IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02210-KAS

ALFREDO SOTO-CASTRO,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,
GEORGE VALDEZ,[1] in his official capacity as Acting Field Office Director of the Denver Field Office for U.S. Immigration and Customs Enforcement,
TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,
DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
DAREN K. MARGOLIN, in his official capacity as the Director of the Executive Office for Immigration Review,[2]

     Respondents.

_____

**ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

---

[1] Petitioner names Robert G. Hagan as the Director of U.S. Immigration and Customs Enforcement and Pamela Bondi as the Attorney General of the United States. Mr. Valdez is automatically substituted in Mr. Hagan's place and Mr. Blanche is automatically substituted in Ms. Bondi's place pursuant to Fed. R. Civ. P. 25(d).

[2] The Court notes that although Petitioner refers to each of the Respondents listed above as parties to this matter in the body of his application for writ, Petitioner fails to name the Department of Homeland Security, the Executive Office for Immigration Review, and Mr. Margolin in the case caption accompanying his application. The Court nevertheless includes those Respondents here. *Cf., e.g.*, *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB, 2013 WL 5291418, at *2 (D. Colo. Sept. 17, 2013) (concluding that where an individual was named as a plaintiff in the body of the complaint but not in the case caption, the individual had nonetheless been "identified effectively as a plaintiff" and the caption could be amended to reflect this).

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] (the "Petition"), which was filed by Alfredo Soto-Castro ("Petitioner"). The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed Response [#8]. The parties have each consented to this Court's jurisdiction. *Consent to Jurisdiction* [#6]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED in part**.

## I.    Background

Petitioner, Alfredo Soto-Castro, is a citizen of Mexico who has been in immigration detention since approximately July 23, 2025. *Pet.* [#1] ¶¶ 6, 19. At the time of filing his Petition, Petitioner was detained at the GEO Processing Center in Aurora, Colorado. *Id*. ¶ 14.

Petitioner states that he entered the United States in approximately 2012[3] and that he has not left the country since. *Id*. ¶ 49. There is no indication that Petitioner was apprehended or detained by United States Border Patrol or any other entity when he entered the United States, nor is there any indication that he had ever been arrested, apprehended or detained at any time before his detention or that he has otherwise ever been charged with any crime. *See generally Pet.* [#1]; *Resp.* [#8]. Petitioner requested that he be granted bond before an immigration judge on March 12, 2026, but the judge found that the immigration court lacked jurisdiction to grant Petitioner bond. *Pet.* [#1] ¶ 50.

---

[3] Elsewhere, Petitioner states that he "entered the United States without inspection in approximately 1998[.]" *Pet.* ¶ 5(b).

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Resp.* [#8] at 2. Petitioner raises several arguments as to why his continued detention is illegitimate, including that Respondents have violated his Fifth Amendment due process rights by not providing him with a constitutionally adequate bond hearing, *see Pet.* [#1] ¶¶ 64-71; he is entitled to release as a member of the class of petitioners certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 at *1 (C.D. Cal. Dec. 18, 2025), *see Pet.* [#1] ¶¶ 52-57; the Government's application of § 1225(b) in his case violates the Immigration and Nationality Act, as modified by the Illegal Immigration Reform and Immigration Responsibility Act, because Petitioner is instead entitled to a bond hearing under § 1226(a) as an individual who entered the United States without inspection, *see Pet.* [#1] ¶¶ 58-61; and he is eligible for bond consideration pursuant to INA § 236(a). *See Pet.* [#1] ¶¶ 62-63. Petitioner has sued Juan Baltazar, the Warden of the Denver Contract Detention Facility; George Valdez, the acting Field Office Director for the Denver Field Office for Immigrations and Customs Enforcement ("ICE"); Todd M. Lyons, the Acting Director of ICE; Markwayne Mullin, the Secretary of the Department of Homeland Security; the Department of Homeland Security itself; Todd Blanche, the Acting United States Attorney General; the Executive Office for Immigration Review; and Daren K. Margolin, the Director of the Executive Office for Immigration Review. *Id*. ¶¶ 21-28. Each individual defendant is sued in his official capacity. *Id*.

This matter is ripe for resolution. No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to

hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

Petitioner's due process claim turns on whether Respondents may properly detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

## A.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to

4

certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

**B.    Application**

Respondents cursorily argue that § 1225(b)(2)(A) requires Petitioner's detention such that he is not entitled to a bond hearing. *Resp.* [#8] at 2-5. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a

noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Id*. at 2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case[,]" *id*., referring to *Quintanilla Ramirez v. Baltazar, et al.*, No. 26-cv-01566-KAS, 2026 WL 1251616 (D. Colo. May 6, 2026). And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Resp.* [#8] at 3. Moreover, Respondents have cited no binding authority in perfunctorily arguing that the court should reconsider its prior ruling.

The Court agrees with Respondents that its analysis in *Quintanilla Ramirez* also governs here, and Respondents have provided no reason to revisit that ruling. The Court therefore refers the parties to its analysis in *Quintanilla Ramirez*. The Court further refers the parties to the due process analysis conducted in this Court's recommendation in *Kumar v. Lyons* and incorporated by reference in *Quintanilla Ramirez*. *See Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1471424 (D. Colo. Apr. 3, 2026), *report and recommendation adopted*, 2026 WL 1282807 (D. Colo. May 11, 2026). Accordingly, Petitioner is entitled to a bond hearing because his continued detention without a bond hearing violates his due process rights.

## C.     Appropriate Remedy

Petitioner only argues in the alternative that he should receive a bond hearing and principally avers that he should instead be immediately released as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL

3678485 (C.D. Cal. Dec. 18, 2025). *See, e.g., Pet.* [#1] ¶¶ 1-2, 10-11. However, as the Court explained in *Kumar*, "§ 1226(a) 'does not require release,' but instead 'provides DHS the discretion to grant an alien release on bond[.]" *Kumar*, 2026 WL 1471424 at *5 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). Accordingly, the Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community[.]" *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).

Even if the Court were to find that Petitioner is a member of the *Maldonado Bautista* class, the class members were not entitled to immediate release; rather, they were "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485 at *1. Petitioner advances no development argument as to his claimed entitlement to immediate release. In the absence of any developed argument to the contrary, the appropriate relief here, as in *Kumar*, is a bond hearing.

Finally, the Court notes that at the bond hearing, Respondents will bear the burden of proof by clear and convincing evidence. *Kumar*, 2026 WL 1471424 at *5 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence).

## IV.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

7

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **June 10, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **June 17, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: June 2, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

8